Per curiam.
The doctrine of Arlington v. Merricke, and that class of cases, is, that where an official bond is given for the faithful discharge of the duties of an office, by the officer during his continuance in office, and the office is of a certain limited term of duration, though the officer be in fact re-appointed to or continued in the office for another term or longer, the obligation of the bond is only co-extensive with the existing term of office. But the tenure of the marshal’s office was during the pleasure of the court: his official bond bound his sureties for his conduct in office: and the obligation of this bond was co-extensive with the duration of this office. The failure of the court to require a new bond, did not determine his office. The statute directs the new bond for the better security of persons interested in the officer’s official conduct. It provides, in express words, that the new bond shall supersede the former, so far only as to exempt the sureties in the former, from liability for official acts and omissions after the date of the latter. The marshal’s sureties in the first bond, became thereby bound for his official conduct, until his office should be determined by removal or otherwise, or until he should give a new bond.
There is, indeed, an error in M’Calley’s case, but it is an error against him. The statute entitled him to damages at the rate of fifteen per cent, per ann. on the amount collected by the marshal for him, and not paid over. 1 Rev. Code, ch. 134. § 48. p. 542, 3. The judgment gives him damages only at the rate of six per cent. Of this he has'not complained, and the appellants cannot. This judgment is to be affirmed.
*285 There is error in S chon’s case, prejudicial to the appellants. The appellee’s clerk’s tickets were delivered to the marshal for collection, after the 1st June 1821, and the officer was not bound to account for them on the 1st November following. Upon a just construction of the fee law, those tickets are to be considered as delivered before the 1st June 1822, and the officer accountable for them on the 1st November 1822. The judgment awards damages to be computed from the 1st November 1821. It ought to have allowed them only from November 1822. This judgment is to be reversed for this cause, and corrected in this respect.